# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PNC BANK | * | |
| v. | * | Case No. WDQ-13-1202 |
| JETHO N. CHATANI, *et al.* | * | |

******

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Entry of Default Judgment (ECF No. 8) filed by Plaintiff PNC Bank, National Association ("PNC") against the Defendants, Jetho N. Chatani and Sarup J. Chatani (collectively, "the Chatanis"). The Chatanis have not filed an opposition, and their deadline has now passed. On July 1, 2013, Judge Quarles referred this case to me to review PNC's motion and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 10). I have also reviewed PNC's Supplement to Motion for Entry of Default Judgment ("the Supplement"). (ECF No. 12). No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons discussed below, I respectfully recommend that PNC's motion (ECF No. 8) be GRANTED in part and DENIED in part, and that damages be awarded as set forth herein.

### I. BACKGROUND

On April 23, 2013, PNC filed a Complaint in this Court alleging that the Chatanis had breached the terms of a Promissory Note by failing to make payments on or before the maturity date. ECF No. 1. According to the Complaint, although PNC demanded payment of the outstanding balance, the Chatanis materially breached the terms of the Promissory Note by refusing to make payment. *Id.* ¶¶ 14, 15. Also according to the Complaint, as of January 16, 2013, the amounts owed included the principal sum of $198,299.05, interest of $27,177.64, late

charges of $280.00, a loan administration fee of $200.00, and an extension fee of $4,675.00, for a total of $230,631.69. *Id.* ¶ 16.[1]

PNC's Complaint alleges both breach of contract and unjust enrichment. *Id.* ¶¶ 7-22. The Chatanis were served with the summons and Complaint on April 29, 2013. ECF No. 4, 5. The Chatanis failed to file an answer or to otherwise respond within the time frames allowed in the Federal Rules of Civil Procedure. On May 30, 2013, the Clerk entered an Order of Default against the Chatanis. ECF No. 7. On June 28, 2013, PNC filed the instant Motion for Default Judgment. ECF No. 8.

## II. STANDARD FOR DEFAULT JUDGMENT

In reviewing Plaintiffs' Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court can also make a determination of damages without a hearing so long as

---
[1] In the Supplement, PNC waived its request for late charges and the loan administration fee. Supp. ¶ 3.

there is an adequate evidentiary basis in the record for an award. *See, e.g., Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, 2011 WL 5151067 at *4 (D. Md. Oct. 27, 2011) (determining, in a similar case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested."); *Pentech Fin. Servs. Inc. v. Old Dominion Saw Works, Inc.*, 2009 WL 1872535 at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment where plaintiff submitted affidavits and electronic records establishing the amount of damages sought).

In sum, (1) the court must determine whether the unchallenged facts in Plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) the court must make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

### III. DISCUSSION

#### a. Breach of Contract

To establish breach of contract under Maryland law, a plaintiff must demonstrate a contractual obligation, breach, and damages. *See, e.g., Kumar v. Dhanda,* 198 Md. App. 337, 345, 17 A.3d 744 (Ct. Spec. App. 2011). PNC alleged the existence of a valid contract in the form of a promissory note, and attached the Note as Exhibit 1 to the Complaint. The Note specifically requires "a final payment of all outstanding principal and accrued interest due on July 11, 2012." Exhibit 1 at 1. PNC alleged that such payment was not made, and alleged the

amounts due and owing. As a result, accepting the well-pled allegations as true for the purposes of this motion, PNC has established breach of contract.

However, PNC's claim for unjust enrichment is deficient. Under Maryland law, unjust enrichment requires a plaintiff to prove that:

> (1)The plaintiff confer[red] a benefit upon the defendant; (2) the defendant [knew] or appreciate[d] the benefit; and (2) the defendant's acceptance or retention of the benefit under the circumstances [wa]s such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return.

*Benson v. State,* 389 Md. 615, 651-52, 887 A.2d 525, 546 (2005) *(quoting Caroline County v. Dashiell,* 358 Md. 83, 95 n.7, 747 A.2d 600, 607 n.7 (2000)). "In Maryland, a claim of unjust enrichment, which is a quasi-contract claim, may not be brought where the subject matter of the claim is covered by an express contract between the parties." *Janusz v. Gilliam,* 404 Md. 524, 537, 947 A.2d 560 (2008). Because PNC's unjust enrichment claim is premised on the same transaction memorialized in the Promissory Note, a claim for unjust enrichment is not proper. I therefore recommend that Plaintiff's Motion for Default Judgment be granted as to Count One (breach of contract) and denied as to Count Two (unjust enrichment).

   b. **Damages**

PNC has provided an adequate evidentiary basis for an award of damages in this case. Specifically, PNC provided the Promissory Note, which sets out the governing terms, and the sworn affidavit of Jerrol Miles, PNC's Vice President and Asset Manager. Mr. Miles's affidavit establishes that the outstanding principal is $198,299.05. ECF No. 9 ¶ 7. The Affidavit in Support of Supplement filed by Mr. Miles [ECF No. 12] establishes a proper calculation of interest on the outstanding principal in the amount of $27,177.64. In addition, the Complaint, and the attached Amendment to Loan Documents, alleges that an extension fee of $5,000.00 was

incurred on or about July 11, 2009, and that only $325.00 of that amount was paid, leaving an outstanding balance of $4,675.00. Compl. ¶ 11-12; Exh. 2. The appropriate amount owed therefore totals $230,151.69, which is the amount requested in the Supplement.

With respect to attorney's fees and costs, Plaintiff has submitted a billing statement from Weinstock, Friedman & Friedman, P.A. (ECF No. 9-3) showing a total balance of $2,142.75, and, upon my request, a supplemental Affidavit of Renita L. Collins (ECF No. 14) to clarify some of the content in that billing statement. Ms. Collins's affidavit is clear that the hourly rates charged are within or below this Court's Guidelines. *See* Local Rules, Appendix B (D. Md. 2011). Moreover, I find both the work performed and the total amount of fees to be reasonable. I therefore recommend an award of fees and costs in the amount of $2,142.75, which includes the $350.00 court filing fee.

**Conclusion**

For the reasons set forth above, I recommend that:

1. The Court GRANT Plaintiff's Motion for Default Judgment as to Count One and DENY the motion as to Count Two (ECF No. 8); and

2. The Court award Plaintiff $230,151.69 as damages for breach of contract, plus $2,142.75 in legal fees and costs for a total of $232,294.44, to be paid jointly and severally by the Defendants, plus post-judgment interest as calculated under 28 U.S.C. § 1961.

I also direct the Clerk to mail a copy of this Report and Recommendation to the Chatanis at the address listed on PNC's Complaint (ECF No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Dated: August 23, 2013

/s/
Stephanie A. Gallagher
United States Magistrate Judge